STATE OF NORTH CAROLINA v. JAMES BRIDGES

No. 7310SC688

(Filed 10 October 1973)

1. **Criminal Law § 13; Infants § 10— alleged assault by 14-year-old — denial of trial on delinquent child petition — trial on indictment proper**

   G.S. 7A-280 expressly provides that if a child who has reached his fourteenth birthday is alleged to have committed an offense which constitutes a felony and probable cause is found, the judge, upon finding that the needs of the child or the best interest of the State will be served, "may transfer the case to the superior court division for trial as in the case of adults"; therefore, the trial judge did not err in overruling defendant's motion that he be tried on a petition alleging him to be a delinquent child by reason of the felonious assault for which he was subsequently tried rather than on the bill of indictment.

2. **Criminal Law § 99— questioning of witness by court — no expression of opinion**

   Questions put by the trial judge to defendant while he was testifying before the jury served to clarify the witness's testimony and did not amount to an expression of opinion in violation of G.S. 1-180.

3. **Criminal Law §§ 127, 161— signing of judgment — arrest of judgment — no error on face of record**

   Trial court did not err in signing the judgment and denying defendant's motion in arrest of judgment where no fatal defect appeared on the face of the record.

APPEAL by defendant from *Copeland, Judge,* 16 April 1973 Session of Superior Court held in WAKE County.

Defendant, a fourteen-year-old boy, was tried in Superior Court on his plea of not guilty to an indictment charging him with felonious assault with a deadly weapon with intent to kill inflicting serious injuries. In summary, the State's evidence showed: Defendant, a student in the eighth grade at Ligon Junior High School in Raleigh, N. C., while at school on 6 February 1973 took a pistol from his pocket and loaded it. With the gun in his hand he told a classmate, Diana Roberson, that if she did not give him some potato chips, he was going to shoot her. As Diana was walking home after school, defendant followed and asked if he could walk her home. She refused, whereupon defendant took the gun from his pocket and said, "Do you believe I'll shoot you?" While standing beside her, he then put the gun up to her neck and shot her, causing injuries for which she was treated in the hospital for seven days. After the shooting, defendant ran away.

Defendant testified and denied that he had asked for the potato chips or had asked Diana to walk home with him or had said anything to her about whether she believed he would shoot her. He testified that the gun had been given to him about a week before the shooting; that on the day in question he did not know that the gun was loaded; that there had been three or four bullets in the clip when the gun was given to him, but he had taken all of the bullets out of the clip and had put the clip back in while at school that day; that as he was walking home after school with several companions, one of them asked to see the gun; that as he was handing the gun to his companion and while it was still in his hand, it accidentally went off and shot Diana Roberson, who was about fifteen feet away at the time; and that he was scared and ran away because he had a record.

The jury found defendant guilty of assault with a deadly weapon inflicting serious injury. Judgment was entered sentencing defendant to a maximum term of four years as a committed youthful offender, with direction that he be given credit for time spent in confinement while awaiting trial. Defendant appealed.

*Attorney General Robert Morgan by Associate Attorney Henry E. Poole for the State.*

*William A. Smith, Jr., for defendant appellant.*

PARKER, Judge.

[1]  On the day of the shooting a petition was signed and verified for presentation to the District Court in which defendant was alleged to be a delinquent child as defined by G.S. 7A-278(2) by reason of the felonious assault upon Diana Roberson for which he was subsequently indicted and tried in the Superior Court in this case. Upon arraignment in the Superior Court on the charge contained in the indictment, defendant's counsel moved that defendant be tried on the petition rather than on the bill of indictment. The overruling of this motion by the trial judge is the subject of appellant's first assignment of error. In this action of the trial judge we find no error. G.S. 7A-280 expressly provides that if a child who has reached his fourteenth birthday is alleged to have committed an offense which constitutes a felony and probable cause is found, the judge, upon finding that the needs of the child or the best interest

of the State will be served, "may transfer the case to the superior court division for trial as in the case of adults." Once such a case is transferred to the superior court, trial upon indictment is the proper procedure.

Appellant's counsel expressly abandoned assignment of error No. 2 in his brief and abandoned assignment of error No. 3 upon oral argument in this Court. Nevertheless, because of the youthfulness of this appellant we have carefully examined these assignments of error and agree with appellant's counsel that they are without merit.

[2]   Appellant next assigns as error the action of the trial judge in asking certain questions of the defendant while he was testifying before the jury. While it is proper and may on occasion become necessary for the trial judge to interrogate a witness for the purpose of clarifying and promoting a better understanding of the witness's testimony "[s]uch examinations should be conducted with care and in a manner which avoids prejudice to either party. If by their tenor, their frequency, or by the persistence of the trial judge they tend to convey to the jury in any manner at any stage of the trial the 'impression of judicial leaning,' they violate the purpose and intent of G.S. 1-180 and constitute prejudicial error." *State v. Colson,* 274 N.C. 295, 163 S.E. 2d 376. We have examined the questions by the judge to which exception is taken in the present case and in our opinion no prejudice resulted from them. They served to clarify the witness's testimony and did not amount to expression of opinion by the judge.

[3]   Finally, appellant assigns as error the signing of the judgment and the denial of his motion in arrest of judgment. "An exception to the judgment presents the face of the record for review, and a motion in arrest of judgment is one generally made after verdict to prevent entry of judgment based upon insufficiency of the indictment or some other fatal defect appearing on the face of the record." *State v. Fletcher* and *State v. St. Arnold,* 279 N.C. 85, 181 S.E. 2d 405. In the present case no fatal defect appears on the record.

We have carefully reviewed the entire record and in defendant's trial and the judgment imposed we find

No error.

Judges BRITT and VAUGHN concur.